DANIEL G. BOGDEN
United States Attorney
CAMILLE W. DAMM
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
702-388-6336

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 2:04-cr-262-JCM-PAL |
| Plaintiff, ) | |
| ) | |
| vs. ) | GOVERNMENT'S APPLICATION |
| ) | FOR ORDER DEEMING ATTORNEY |
| DAVID KENT FITCH, ) | CLIENT PRIVILEGE WAIVED |
| ) | |
| Defendant. ) | |
| ) | |

The United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and CAMILLE W. DAMM, Assistant United States Attorney, respectfully requests that this Court enter an order waiving the attorney-client privilege in 2:04-cr-262-JCM with regard to Lisa Rasmussen, Esq., and Mario Valencia, Esq.

This order is sought for the following reasons:

1.  The defendant, DAVID KENT FITCH, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody in the above-captioned case. *See* Doc. # 319. This Court ordered the government to respond to Defendant's motion by December 28, 2013. *See* Doc. # 319.

2. Defendant's motion alleges a denial of effective assistance of counsel through all stages of the trial and appellate proceedings, as well as a conflict of interest with both counsel. The motion and docket reflect that Lisa Rasmussen was trial counsel Mario Valencia represented Defendant on appeal.

3. Access to information from Ms. Rasmussen and Mr. Valencia is necessary in order to appropriately respond to the allegations contained in defendant's § 2255 motion.

4. The government requests this Court to issue an order wherein the attorney-client privilege in the above-captioned case is deemed waived for the purposes of this proceeding as to what, if any, discussions Defendant had with Ms. Rasmussen and/or Mr. Valencia with respect to the issues raised in the § 2255 motion, and that all materials and information related to the issues be ordered divulged to the government.

5. The voluntary disclosure by Defendant of privileged attorney communications and his complaints regarding Ms. Rasmussen and Mr. Valencia constitute a waiver of the privilege as to all other such communications on the same subject. *Weil v. Investment/Indicators, Research & Management,* 647 F.2d 18, 24 (9th Cir. 1981); *Clady v. County of Los Angeles*, 770 F.2d 1421, 1433 (9th Cir. 1985).

> Even when a party does not explicitly disclose the content of an attorney-client communication, he may waive the privilege implicitly. A person cannot always claim that he relied on counsel, while protecting what was said between them from disclosure. As we have said, "The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." (citations omitted).

*United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997).

**WHEREFORE**, based on the foregoing, the government respectfully requests that the attorney-client privilege in 2:04-cr-262-JCM be deemed waived as to all matters and issues relating Ms. Rasmussen and Mr. Valencia in the § 2255 motion; and that Ms. Rasmussen and Mr. Valencia provide the government with affidavits, as well as all materials and information, addressing Defendant's allegations of ineffective assistance of counsel within forty-five days of the Court's order.

**DATED** this 23th day of December, 2013.

>Respectfully Submitted,
>DANIEL G. BOGDEN
>United States Attorney
>
>/S/ Camille W. Damm
>CAMILLE W. DAMM
>Assistant United States Attorney

## Certificate of Service

The undersigned hereby certifies that she is an employee in the office of the United States Attorney for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on December 23, 2013, she served a copy of the attached Government's Application For Order Deeming Attorney Client Privilege Waived using the United States Postal Service, to the following address:

        David Kent Fitch
        34775-048
        CANAAN
        U.S. PENITENTIARY
        Inmate Mail/Parcels
        P.O. Box 300
        Waymart, PA 18472
        PRO SE

        <u>Ellenrose Jarmolowich</u>
        Legal Assistant

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA, )
     Plaintiff, )    2:04-cr-262-JCM-PAL
      )
vs. )
      )    **ORDER**
      )
DAVID KENT FITCH, )
      )
      )
     Defendant. )
_____)

Based upon the pending application of the Government, and good cause appearing,

**IT IS HEREBY ORDERED** that the attorney-client privilege in 2:04-cr-262-JCM between the defendant and Lisa Rasmussen, Esq., and between the defendant and Mario Valencia, Esq., shall be deemed waived as to all matters relating to the issues Defendant raised in his pending § 2255 motion. Ms. Rasmussen and Mr. Valencia shall each, within 45 days of this order, provide the government with an affidavit concerning all known information, including any discussions with Defendant, with respect these issues. Further, Ms. Rasmussen and Mr. Valencia may communicate with government counsel and shall provide any supporting documentation or materials with respect to the alleged claims.

DATED December 31, 2013.

_____
UNITED STATES DISTRICT JUDGE