DANIEL G. BOGDEN
United States Attorney
CAMILLE DAMM
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
702-388-6336

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

-oOo-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 2:04-cr-262-JCM-PAL |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | GOVERNMENT'S SUPPLEMENTAL |
| | ) | APPLICATION FOR ORDER DEEMING |
| | ) | ATTORNEY CLIENT |
| | ) | PRIVILEGE WAIVED |
| DAVID KENT FITCH, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and CAMILLE W. DAMM, Assistant United States Attorney, respectfully requests that this Court enter an order waiving the attorney-client privilege in 2:04-cr-262-JCM with regard to David R. Johnson, Esq.

This order is sought for the following reasons:

1. The defendant, DAVID KENT FITCH, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody in the above-captioned case. *See* Doc. # 319. Defendant's motion alleges a denial of effective assistance of counsel through all stages of the trial and appellate proceedings. This Court previously entered an order on government motion that the attorney client privilege was waived as to former trial counsel, Lisa Rasmussen, and appellate counsel, Mario Valencia.

2. Ms. Rasmussen has notified the undersigned that David R. Johnson, Esq. also represented Fitch during pretrial and trial proceedings. She advises that Mr. Johnson was present at out-of-court and court proceedings and has relevant information regarding the issues. As such, access to information from Mr. Johnson is also necessary in order to appropriately respond to the allegations contained in defendant's § 2255 motion.

3. The government requests that this Court also issue an order wherein the attorney-client privilege in the above-captioned case is deemed waived for the purposes of this proceeding as to what, if any, discussions Defendant had with Mr. Johnson with respect to the issues raised in the § 2255 motion, and that all materials and information related to the issues be ordered divulged to the government.

4. The voluntary disclosure by Defendant of privileged attorney communications and his complaints regarding Ms. Rasmussen and Mr. Valencia constitute a waiver of the privilege as to all other such communications on the same subject. *Weil v. Investment/Indicators, Research & Management,* 647 F.2d 18, 24 (9th Cir. 1981); *Clady v. County of Los Angeles*, 770 F.2d 1421, 1433 (9th Cir. 1985).

> Even when a party does not explicitly disclose the content of an attorney-client communication, he may waive the privilege implicitly. A person cannot always claim that he relied on counsel, while protecting what was said between them from disclosure. As we have said, "The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." (citations omitted).

*United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997).

**WHEREFORE**, based on the foregoing, the government respectfully requests that the attorney-client privilege in 2:04-cr-262-JCM be deemed waived as David R. Johnson, with respect to all matters and issues relating to the § 2255 motion; and that Mr. Johnson provide the government with an affidavit, as well as all materials and information, addressing Defendant's allegations of ineffective assistance of counsel within forty-five days of the Court's order.

**DATED** this 8th day of January, 2014.

Respectfully Submitted,

DANIEL G. BOGDEN
United States Attorney

/S/
CAMILLE DAMM
Assistant United States Attorney

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the office of the United States Attorney for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on January 8, 2014, she served a copy of the attached Government's Supplemental Application For Order Deeming Attorney Client Privilege Waived via CM/ECF to all parties and via the United States Postal Service to the defendant at the following address:

> **David Kent Fitch**
> 34775-048
> CANAAN
> U.S. PENITENTIARY
> Inmate Mail/Parcels
> P.O. Box 300
> Waymart, PA 18472
> PRO SE

                                                    /S/
                                   Ellenrose Jarmolowich
                                   Legal Assistant

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:04-cr-262-JCM-PAL |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| DAVID KENT FITCH, ) | |
| Defendant. ) | |

Based upon the pending application of the Government, and good cause appearing,

**IT IS HEREBY ORDERED** that the attorney-client privilege in 2:04-cr-262-JCM-PAL between the defendant and David R. Johnson, Esq., is deemed waived as to all matters relating to the issues Defendant raised in his pending § 2255 motion. Mr. Johnson shall, within 45 days of this order, provide the government with an affidavit containing all known information, including any discussions with Defendant, with respect to these issues. Further, Mr. Johnson may communicate with government counsel and shall provide any supporting documentation or materials with respect to the alleged claims.

DATED January 16, 2014.

_____
UNITED STATES DISTRICT JUDGE